FRANCIS W. FIFIELD v. ROBERT H. EDWARDS AND ALBERT
M. MURPHY.

*Estoppel—Res judicata.*

Estoppel by a previous judgment does not depend on its justice but
on the fact that the merits have been passed upon.

Estoppel from asserting a claim excluded from a former suit cannot
apply where it was not within the issue in that suit and there
was therefore no opportunity to establish it.

A claim against only one of several plaintiffs cannot be set off
against a demand sued on by all.

Error to Superior Court of Detroit.    Submitted June
19.    Decided October 9.

ASSUMPSIT.    Defendants bring error.

*M. E. Crofoot* for plaintiff in error.    Judgment upon
a matter fairly in issue is conclusive, *Miller v. Manice*,
6 Hill, 121; *Phillips v. Berick*, 16 Johns., 136; *Stafford
v. Clark*, 2 Bing., 377: 9 E. C. L., 623; *Lawrence v.
Houghton*, 5 Johns., 129.

*Henry Russel* and *Alfred Russell* for defendants in
error.    Evidence of the decision in a former case between
the same parties involving the same subject matter, is
admissible in a later one, *Emery v. Fowler*, 39 Me., 328;
*Easton v. Bratton*, 13 Tex., 30; *Wilcox v. Lee*, 1 Robert.,
355; *W. A. & G. S. P. Co. v. Sickles*, 24 How., 333;
*Packet Co. v. Sickles*, 5 Wall., 580; *Smith v. Talbot*, 11
Ark., 666; evidence *aliunde* is always admissible to show
whether any matter arose and was determined in the
prior suit, *Chamberlain v. Gaillard*, 26 Ala., 504; *Dunckel
v. Wiles*, 1 Kern., 420; *Harris v. Harris*, 36 Barb., 88;
*Lawrence v. Hunt*, 10 Wend., 80; *Gardner v. Buckbee*,
3 Cow., 120; *Eastman v. Cooper*, 15 Pick., 276; parol
evidence is admissible even to show that a matter which
appears *prima facie*, has not really been decided,

*Taylor v. Dustin,* 43 N. H., 493; *King v. Chase,* 15 N.
H., 9; *Foster v. Wells,* 4 Tex., 101; *Walker v. Chase,*
53 Me., 258; *Wood v. Jackson,* 8 Wend., 9; *Young v.
Black,* 7 Cr., 565; *Driscoll v. Damp,* 16 Wis., 106; *Van-
landingham v. Ryan,* 17 Ill., 25; *Smith v. Johnson,* 15
East, 213; *Whittemore v. Whittemore,* 2 N. H., 26;
*Parker v. Thompson,* 3 Pick., 429; *Wheeler v. Van Houten,*
12 Johns., 311; the record may be explained by oral
testimony, *Briggs v. Wells,* 12 Barb., 567; as to a former
judgment in bar to an action, *Tucker v. Rohrback,* 13
Mich., 73.

COOLEY, J. Edwards & Murphy sued Fifield in the
Superior Court of Detroit to recover the price of certain
goods received by one A. B. Watson, but for which, as
they claimed, Fifield had made himself responsible.
The principal question made in the case was whether
the judgment in a previous suit, wherein Francis W.
Fifield and Eugene Fifield were plaintiffs and Edwards
& Murphy were defendants was not a bar to this demand.

In the previous suit Edwards & Murphy relied upon
this same demand by way of set-off to the claim of the
two Fifields against them. Judgment passed for the
plaintiffs in that suit, and the record is silent upon the
point whether this set-off was or was not allowed. In
the present suit the plaintiffs were permitted, against the
objection of Fifield, to show that the demand as a set-off
was rejected in the previous suit on the ground that it
appeared to be a demand against Francis W. Fifield
only, and not against the two who were then plaintiffs.
On that showing, and on evidence satisfactory to the
court that the demand was a legal indebtedness of Fran-
cis W. Fifield to Edwards & Murphy, they recovered
judgment.

The objections made to this recovery may be briefly
stated as follows:

1. That the demand involved in this suit having
been once the subject of litigation in a suit to which all

the parties to this suit were parties, and which was tried on its merits and proceeded to judgment, and evidence having been offered in favor of the demand and a recovery claimed upon it, such previous judgment is an estoppel, and it is wholly immaterial whether demand was or was not sufficiently proved, or was or was not allowed.

2. The bar not depending upon the allowance of the claim, the parol evidence received to show its rejection was immaterial and its reception erroneous.

3. The fact that the parties in the second suit are not precisely the same as in the first is immaterial; for though they be more or less numerous, if the litigation is the same in substance and involves the same subject matter, the legal bar is made out.

No doubt these positions present or suggest general principles which in the main are correct. It cannot be suffered that a controversy shall be tried over and over, but the one suit tried, submitted and disposed of on the merits must conclude the litigation. If a party has been so negligent or so unfortunate as to fail in making a full presentation of his case, whereby the judgment has passed against him, he cannot be helped on making a better showing in a new suit. The estoppel does not depend upon the question whether justice was done in the first suit, but upon the merits having once been considered and passed upon. *Miller v. Manice*, 6 Hill, 114; *Stafford v. Clark*, 2 Bing., 377.

But there can be no bar if the demand to which by their evidence the parties directed the attention of the court, and which the court rejected, was not within the issue and consequently could not have been allowed. The estoppel does not depend upon technicalities, but rests in broad principles of justice, and it can apply only when the party has had his day in court and an opportunity to establish his claim. The fact that a suit has been instituted and evidence produced is of no importance whatever, if in fact the evidence was directed

to matters which were foreign to the issue. If, for example, the plaintiff in an action of assumpsit were to attempt to litigate a matter of trespass to lands, it would be immaterial how far he should go into the evidence, or at what stage of the proceedings the ruling should be made rejecting his claim; the bar cannot attach because in law, whatever may have been the testimony, there could have been no recovery. Nothing would seem to be plainer than that no man could be barred by a judgment against him who was not by the issue placed in such a position that establishing his demand would entitle him to a judgment in his favor.

In this case the nature of the demand was such as to bring it within the issue in the former suit. But the evidence that was received upon it showed that it was not within the issue, because it was a demand against one of the plaintiffs only, and could not have been allowed against the two. Had the claim been a promissory note signed by one of the plaintiffs only, or a covenant to which only one of them was a party, the impossibility of litigating it in that suit would perhaps have appeared more clearly, but it could not have been more absolute. Nor is it of importance that the defendants in that suit put evidence into the case which perhaps had some tendency to fix a liability upon both the plaintiffs; it is enough for the purposes of this suit to know that the endeavor to establish the set-off failed, not because of defect in proof of the claim, but because it was made against the wrong parties. The more clearly the defendants proved their claim against Francis W. Fifield, the more manifest it became that the court could not consider its merits and allow it as a set-off in that suit. *Lawrence v. Vernon*, 3 Sumn. 20, 23.

Nothing in the authorities to which the briefs call our attention is in our opinion inconsistent with these views. On principle, if the mistake made in presenting and endeavoring to establish the claim against the two Fifields should constitute a bar to a suit against the one

really responsible, then no'reason is perceived why, if by mistake in identity a creditor were to pursue by suit the wrong person, the judgment against the plaintiff should' not bar a suit against the real debtor.  The reason for an estoppel, and the justice in allowing it would be no greater in the one case than in the other.

We find no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.