DORFMAN v STATE HIGHWAY DEPARTMENT

1. COURTS—CIRCUIT COURTS—COURT OF CLAIMS—DECLARATORY JUDG-
   MENT—STATUTES.

   The Court of Claims cannot grant declaratory judgments, there-
   fore a circuit court is the proper forum in which to bring an
   action for declaratory relief (MCLA 600.6419; MSA 27A.6419).

2. COVENANTS—RESIDENTIAL RESTRICTIONS—DEEDS—STATUTES.

   A statute provides that any person for whose benefit a promise is
   made by way of contract has the same right to enforce the
   promise that he would have had if the promise had been made
   directly to him as the promisee; therefore, lot owners and
   residents of a subdivision may enforce a restrictive covenant
   executed by other lot owners where the covenant states that it
   shall run to the benefit of the other landowners in the subdivi-
   sion (MCLA 600.1405; MSA 27A.1405).

Appeal from Oakland, Robert B. Webster, J.
Submitted November 13, 1975, at Lansing. (Docket
No. 20638.) Decided December 3, 1975.

Complaint by Stanley Dorfman and Marilyn
Dorfman, on behalf of themselves and all others
similarly situated, against the Department of State
Highways, seeking a declaratory judgment to de-
termine the rights and legal relations of the par-
ties with respect to a restrictive covenant entered
into by persons not parties to the action. Judg-
ment for plaintiffs. Defendant appeals. Affirmed.

*Beer & Boltz,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 17, 101.
[2] 20 Am Jur 2d, Covenants, Conditions, and Restrictions §§ 170–172.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Janis Meija,* Assistants Attorney General, for defendant.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

QUINN, P. J. This class action was brought for declaratory relief pursuant to GCR 1963, 521, to determine the rights and legal relations of the parties with respect to a restrictive covenant entered into by persons not parties to the action. The judgment below was in favor of plaintiffs and defendant appeals.

The named plaintiffs (hereinafter plaintiffs) and the class they represent are lot owners and residents of Huntington Woods Manor, a subdivision located in Huntington Woods. The entire subdivision was originally covered by master deed residential restrictions which expired in 1955. In 1958, 22 lot owners on the south side of Wales Street entered into the restrictive covenant involved and recorded it. Sometime thereafter, defendant acquired the 22 lots through condemnation and purchase preparatory to constructing a superhighway.

Two sections of the 1958 restrictive agreement are pertinent:

"2. All of the parties to this agreement agree to continue to use the lands, the subject matter of this agreement, for single family dwelling purposes.

\*   \*   \*

"4. These covenants shall also run to the benefit of other owners of land in said subdivision provided said lands are used for single family dwelling purposes."

Defendant states the issues raised on appeal as:

"Is the court of claims the proper forum in which to adjudicate rights and litigate damages for interference with restrictive covenants in a subdivision where the defendant is a department of the State of Michigan?

"May plaintiffs claim rights under a restrictive covenant agreement where they were not signatory parties to such agreement and where the original subdivision master deed restrictions have expired?"

The first issue involves defendant's attack on the jurisdiction of the trial court. That attack is invalid for two reasons. The Court of Claims cannot grant declaratory judgments, *Taylor v Auditor General,* 360 Mich 146; 103 NW2d 769 (1960). This action was for a declaratory judgment. While damage claims against the state must be brought in the Court of Claims, MCLA 600.6419; MSA 27A.6419, this action did not seek damages nor were any awarded.

Essentially, the judgment of the trial court held:

1. That the 1958 restriction agreement was valid.

2. That the plaintiffs and the class they represent are the third-party beneficiaries of the restriction agreement.

3. That the plaintiffs have the legal right to enforce the agreement.

4. That the defendant is bound by the agreement.

Prior to the expiration of the residential restrictions contained in the master deed, there is no question that plaintiffs could enforce those restrictions. The subdivision was designed for and has been maintained as a residential area. Can it continue as such absent a restrictive covenant executed by all the lot owners in the subdivision? The trial court responded in the affirmative as indicated by the holdings set forth above. We agree with that response.

The pertinent portions of MCLA 600.1405; MSA 27A.1405 are:

"Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.

"(1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person."

Under the language of § 4 of the 1958 restrictive agreement quoted above, the 22 signers of that agreement have undertaken to refrain from using their property for any purpose other than single-family dwelling. They have also agreed that this undertaking shall run to the benefit of the other landowners in the subdivision if their lands are restricted to single-family dwelling use. This is an undertaking to refrain from doing something directly to or for the other lot owners.

Counsel have not cited nor has independent research disclosed any Michigan authority directly on point. However, *Mariner v Rohanna,* 371 Pa 615; 92 A2d 219 (1952), supports our analysis.

Affirmed with costs to plaintiffs.

Judge HOLBROOK concurring in result only.