## GRUNOW v SANDERS

Docket No. 77-2030. Submitted May 8, 1978, at Detroit.—Decided July 6, 1978. Leave to appeal applied for.

Walter E. Grunow was seriously injured when he was involved in an automobile accident on February 5, 1974. The driver of the other car, Samuel R. Sanders, was uninsured. Walter E. Grunow commenced an action against Samuel Sanders in June, 1975, which was subsequently dismissed without prejudice. On January 18, 1977, Walter E. Grunow and Edna M. Grunow, individually, and on behalf of others similarly situated, commenced another action against Samuel R. Sanders and certain state officials, including the governor, attorney general, secretary of state and the insurance commissioner. The plaintiffs sought monetary damages from the officials for negligence in allowing and/or encouraging the adoption of Michigan's no-fault automobile insurance law. The suit also sought a declaration that the no-fault law is unconstitutional and an injunction against the continued enforcement of the law. Accelerated judgment for the defendant state officials on the ground that the Court of Claims has exclusive jurisdiction over any and all claims against state officials acting in their official capacities, Macomb Circuit Court, Robert J. Chrzanowski, J. Plaintiffs appeal. *Held:*

The Court of Claims has exclusive jurisdiction over suits against public officials acting in their official capacities. The Court of Claims is not precluded from hearing class action suits and has jurisdiction to render declaratory judgments.

Affirmed.

1. Cᴏᴜʀᴛs—Cᴏᴜʀᴛ ᴏғ Cʟᴀɪᴍs—Jᴜʀɪsᴅɪᴄᴛɪᴏɴ—Pᴜʙʟɪᴄ Oғғɪᴄɪᴀʟs— Sᴛᴀᴛᴇs.

The Court of Claims has exclusive jurisdiction over suits against public officials acting in their official capacities as well as suits

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1–3] 20 Am Jur 2d, Courts § 33.

32 Am Jur 2d, Federal Practice and Procedure § 429.

[2] 32 Am Jur 2d, Federal Practice and Procedure §§ 432, 433.

[3] 22 Am Jur 2d, Declaratory Judgments §§ 75, 76.

against state agencies or departments (MCL 600.6419[1]; MSA 27A.6419[1]).

2. COURTS—CLASS ACTION—COURT OF CLAIMS.
   The Court of Claims can hear class action suits where statutory authority otherwise exists.

3. DECLARATORY JUDGMENT—COURT OF CLAIMS—JURISDICTION.
   The Court of Claims has jurisdiction to render declaratory judgments.

*Jack C. Chilingirian,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert Ianni,* Assistant Attorney General, for defendants state officials.

Before: CYNAR, P. J., and T. M. BURNS and D. C. RILEY, JJ.

PER CURIAM. This matter involves the jurisdiction of the Court of Claims to (1) hear a class action suit against state officials for actions taken in the course of their official duties, and (2) to issue a declaratory judgment.

Plaintiff Walter Grunow was seriously injured in an automobile accident on February 5, 1974. The driver of the other car in the accident was uninsured. Plaintiff commenced a lawsuit in Macomb County Circuit Court in June, 1975, which was subsequently dismissed without prejudice. The present lawsuit was filed in Macomb County Circuit Court on January 18, 1977.

In addition to the counts in the complaint concerning the specific accident, plaintiffs' class action complaint included several counts against certain state officials, including the Governor, Attorney General, Secretary of State, and Insurance Commissioner. These counts sought monetary damages

from the officials for negligence in allowing and/or encouraging the adoption of Michigan's no-fault automobile insurance law. 1972 PA 294 (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).* The suit also asked for a declaratory judgment that the no-fault law is unconstitutional and an injunction against the continued enforcement of the law.

The defendant state officials moved for accelerated judgment on two grounds. First, they argued that any possible liability was precluded under the doctrine of governmental immunity. Second, they asserted that the circuit court lacked subject matter jurisdiction over this portion of the suit, contending that the Court of Claims has exclusive jurisdiction over any and all claims against state officials acting in their official duties.

The circuit court granted the motion for accelerated judgment on the jurisdictional issue, holding that the Court of Claims did have exclusive jurisdiction over these claims. GCR 1963, 116.1(2). Plaintiffs have brought the present appeal from the grant of accelerated judgment.

We have found no Michigan case which directly decides, one way or the other, whether the Court of Claims has the jurisdiction to hear class action suits. Therefore, we must examine the statutory law which sets the limits of the Court's jurisdiction.

The general jurisdictional provision of the Court of Claims Act provides:

"Except as provided in section 6440, the jurisdiction of the court of claims as conferred upon it by this chapter over claims and demands against the state or any of its departments, commissions, boards, institutions, arms or agencies, shall be exclusive. * * * The court has power and jurisdiction:

"(a) To hear and determine all claims and demands,

liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms or agencies." MCL 600.6419(1); MSA 27A.6419(1).

This provision has been interpreted to mean that the Court of Claims has exclusive jurisdiction over suits against public officials acting in their official capacities as well as suits against state agencies or departments. *Abbott v Secretary of State,* 67 Mich App 344; 240 NW2d 800 (1976), *Roberts v Michigan,* 45 Mich App 252; 206 NW2d 466 (1973).

On the face of the jurisdictional statute, the Court of Claims is not limited to any particular variety of suit but rather is empowered to hear "all claims and demands" against the state. This broad language alone would be sufficient to uphold the trial court's ruling that the Court could hear this class action suit. However, we also wish to comment on plaintiffs' claim that the Court of Claims lacks equitable jurisdiction and thus cannot entertain an equitable action such as a class action suit.

Although class actions were originally founded solely in equity, the legal-equity distinction has greatly dissipated under current law:

"By virtue of former Rule 16 and under the present Rule 208, class actions are no longer limited to equity practice. Class actions may be permitted in any civil action, whether legal or equitable in nature, which meets the requirements prescribed by the rule." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 601.

Even if this distinction were still flourishing, we cannot say that the Court of Claims lacks all vestiges of traditional equity jurisdiction (as we will discuss further in the accompanying issue).

Therefore, we do not find that the Court of Claims is precluded from hearing class action suits where statutory jurisdiction otherwise exists. See *Sellman v Dep't of Natural Resources,* 61 Mich App 455; 233 NW2d 35 (1975).

The remaining question is whether the Court of Claims can render declaratory judgments. A previous Michigan Supreme Court case has held that the Court of Claims cannot issue such judgments. *Taylor v Auditor General,* 360 Mich 146; 103 NW2d 769 (1960). See also *Dorfman v State Highway Dep't,* 66 Mich App 1; 238 NW2d 395 (1975). However, the viability of the *Taylor* decision is in serious doubt following the Supreme Court's recent decision in *Greenfield Construction Co, Inc v Dep't of State Highways,* 402 Mich 172; 261 NW2d 718 (1978).

In *Greenfield, supra,* the lead opinion, signed by Justices RYAN, COLEMAN and FITZGERALD, discussed this issue in a footnote:

"In *Taylor v Auditor General,* this Court declared that the Court of Claims was without the jurisdiction to grant a declaratory judgment. This conclusion was premised on the fact that the declaratory judgment act did not authorize the rendition of declaratory judgments by any and all courts of record, but only those which had a law side and an equity side. Since the Court of Claims 'does not possess the broad and inherent powers of a constitutional court of general jurisdiction', in other words does not have an 'equity side', it could not render a declaratory judgment.

"With the repeal of the declaratory judgment act, 1948 CL 691.501, by the Revised Judicature Act, MCLA 600.9901; MSA 27A.9901, the former language which restricted the power to render declaratory judgments to those courts which have both an equity side and a law side is no longer controlling. However, because the power of the Court of Claims is not at issue in this case, we decline to decide whether the Court of Claims is now

empowered to render declaratory judgments." 402 Mich at 198, fn 10.

In a separate opinion Justice LEVIN and Chief Justice KAVANAGH held that they would have reached this issue directly:

"We would, additionally, hold, however, that because of revisions of the statute and court rules regarding declaratory judgments after *Taylor v Auditor General,* 360 Mich 146; 103 NW2d 769 (1960), was decided, the Court of Claims has jurisdiction to render a declaratory judgment regarding a claim or demand against the state or a department of state government." 402 Mich at 203.

In view of the fact that five justices of the current Supreme Court have held that the *Taylor* Court's reasoning, if not its opinion, is no longer controlling, and because we find no other authority or valid argument to the contrary, we hold that the Court of Claims has jurisdiction to render declaratory judgments. See *Duncan v Beres,* 15 Mich App 318, 329, fn 22; 166 NW2d 678 (1968).

Affirmed. No costs, a public question being involved.