O'DELL v DEPARTMENT OF LABOR

STAFFNEY v DEPARTMENT OF LABOR

Docket Nos. 45376, 45771. Submitted March 10, 1980, at Detroit.— Decided October 8, 1980. Leave to appeal applied for.

In two separate suits filed in Saginaw Circuit Court, Erma J. O'Dell, special administratrix of the estate of Bruce D. O'Dell, deceased, and others and William T. Staffney and others sought damages from the Michigan Department of Labor for wrongful death and personal injuries arising out of an explosion at the Farm Brueau Services grain elevator complex in Zilwaukee, Michigan. The plaintiffs alleged that the Department of Labor had breached its duty of administering and enforcing the Michigan Occupational Safety and Health Act by failing to conduct a reasonable, competent, and thorough inspection of the elevator. Plaintiffs further alleged that the failure of the Department of Labor and its neglect to warn the plaintiffs' employer of the dangers and hazards existing within the elevator constituted an imminent and continuing danger of physical harm and death and the failure of the Department of Labor to seek relief on behalf of the elevator employees was a proximate cause of the wrongful death and the personal injuries suffered. The Department of Labor moved for accelerated judgment and claimed that exclusive jurisdiction for such claims against the Department was in the Court of Claims. Joseph R. McDonald, J., issued orders in both cases granting the Department of Labor accelerated judgment on the basis that exclusive jurisdiction for such claims was in the Court of Claims. The plaintiffs appeal. The cases were consolidated on appeal. *Held:*

The Court of Claims has exclusive jurisdiction to entertain claims *ex delicto* against a state agency subject to certain

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 20 Am Jur 2d, Courts §§ 20, 21, 33, 91.

[2] 53 Am Jur 2d, Master and Servant § 195.

[3] 73 Am Jur 2d, Statutes § 145.

[4] 73 Am Jur 2d, Statutes § 250.

[5-7] Am Jur 2d New Topic Service, Occupational Safety and Health Acts § 27.

[6] 20 Am Jur 2d, Courts §§ 20, 21, 91.

exceptions including actions against state agencies wherein statutes expressly confer jurisdiction upon the circuit courts. Section 31 of the Michigan Occupational Safety and Health Act establishes a three-step process by which enforcement of the act may be obtained and recognizes that affected workers have the ability to force compliance when the appropriate department has failed to do so of its own accord. This section does not grant jurisdiction over plaintiffs' claims to the circuit court in derogation of the general grant of exclusive jurisdiction over such claims to the Court of Claims.

Affirmed.

1. COURTS — COURT OF CLAIMS — CIRCUIT COURTS — JURISDICTION.

The Court of Claims has exclusive jurisdiction to entertain claims *ex delicto* against a state agency subject to certain exceptions including actions against state agencies wherein statutes expressly confer jurisdiction upon the circuit courts.

2. HEALTH — EMPLOYERS AND EMPLOYEES — DANGEROUS WORKPLACE — STATUTES.

Employees affected by imminently dangerous conditions in the workplace may bring an action in circuit court against the state department authorized to petition a circuit court to restrain any condition or practice in a place of employment which the department determines causes the imminent danger to exist where that department arbitrarily or capriciously fails to seek relief (MCL 408.1031[2], [3]; MSA 17.50[31][2], [3]).

3. STATUTES — COURT OF APPEALS — STATUTORY CONSTRUCTION — INTENT OF LEGISLATURE.

The Court of Appeals, in construing statutory provisions, should ascertain and give effect to the intent of the Legislature.

4. STATUTES — COURT OF APPEALS — STATUTORY CONSTRUCTION.

A particular provision of a statute which is to be construed by an appellate court should not be isolated but instead should be construed with reference to the entire statute.

5. HEALTH — OCCUPATIONAL SAFETY AND HEALTH — STATUTES.

The Michigan Occupational Safety and Health Act evinces a legislative intent to provide for the correction of imminently dangerous conditions in the workplace (MCL 408.1001 *et seq.;* MSA 17.50[1] *et seq.*).

6. TORTS — OCCUPATIONAL SAFETY AND HEALTH — STATUTES.

The Michigan Occupational Safety and Health Act does not grant the circuit court jurisdiction over an action for damages arising

from an actual accident (MCL 408.1001 *et seq.;* MSA 17.50[1] *et seq.).*

7. Courts — Court of Claims — Jurisdiction.

The Court of Claims has exclusive jurisdiction over an action against the State of Michigan for damages arising from an actual accident allegedly caused by a failure of a state department to enforce the Michigan Occupational Safety and Health Act.

*vanBenschoten, Hurlbutt & vanBenschoten,* for plaintiffs O'Dell and Spencer.

*Cicinelli, Mossner, Majoros & Alexander, P.C.,* for plaintiff Staffney.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George H. Weller,* Assistant Attorney General, for defendant.

Before: Bronson, P.J., and V. J. Brennan and T. M. Burns, JJ.

Per curiam. Plaintiffs in these consolidated appeals brought suit in the circuit court against the Michigan Department of Labor and others seeking damages for personal injuries and wrongful death arising out of an explosion at the Farm Bureau Services grain elevator complex in Zilwaukee, Michigan. Concerning the Department of Labor, the suits alleged that the department had failed to properly inspect the grain elevators for compliance with applicable safety regulations during an on-site inspection conducted five months before the tragic fire and had arbitrarily and capriciously failed in its statutory duty to enforce pertinent safety regulations contained in the Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.;* MSA 17.50(1) *et seq.* The department sought and was granted accelerated judgment on the basis

that exclusive jurisdiction lay in the Court of Claims.[1] Plaintiffs have appealed by right.

The Court of Claims has exclusive jurisdiction to entertain claims *ex delicto* against a state agency. MCL 600.6419(1)(a); MSA 27A.6419(1)(a). See *Grunow v Sanders,* 84 Mich App 578, 581; 269 NW2d 683 (1978), *lv den* 405 Mich 835 (1979). This jurisdiction is, however, subject to certain exceptions, including:

"This chapter shall not be construed so as to deprive the circuit courts of this state of jurisdiction over * * * any other actions against state agencies based upon the statutes of the state of Michigan in such case made and provided, which expressly confer jurisdiction thereof upon the circuit courts * * *." (MCL 600.6419[4]; MSA 27A.6419[4]).

Based on this exception, plaintiffs argue the circuit court has been granted jurisdiction in § 31 of the Michigan Occupational Safety and Health Act.[2]

---

[1] It appears from the record that plaintiffs also filed suit in the Court of Claims, perhaps because of doubts as to the circuit court's jurisdiction.

[2] The statute provides:

"(1) When and as soon as a department representative determines that an imminent danger exists in any place of employment, he shall inform the employer and the affected employees of his determination of the imminent danger. The department representative shall recommend to the appropriate department director that an order be issued to require that steps be taken as may be necessary to avoid, correct, or remove the imminent danger. The order shall prohibit the employment or presence of an individual in locations or under conditions where imminent danger exists, except individuals whose presence is necessary to avoid, correct, or remove the imminent danger in a safe and orderly manner. In issuing the order, consideration shall be given to any necessity to maintain the capacity of a continuous process operation and to the reestablishment of normal operations without a complete cessation of operations.

"(2) Upon failure of the employer to promptly comply with a department order as described in subsection (1), the appropriate department shall petition the circuit court having jurisdiction to restrain any condition or practice in a place of employment which the department determines causes the imminent danger to exist.

"(3) If the department arbitrarily or capriciously fails to seek relief

Section 31 outlines a three-step process by which imminently dangerous conditions in the workplace may be ordered immediately corrected and affected employees removed until the danger has passed. Subsection (1) authorizes the appropriate department[3] to issue such an order, and subsection (2) allows the department to petition the circuit court for an order in case the employer fails to promptly comply with the departmental order. Subsection (3), upon which plaintiffs rely, authorizes affected employees to bring an action in the circuit court against the appropriate department in cases where that department "arbitrarily or capriciously fails to seek relief under this section".

Subsection (3) provides in full:

"If the department arbitrarily or capriciously fails to seek relief under this section, an employee who may be injured by reason of the failure, or the representative of those employees, may bring action against the department in the circuit court having jurisdiction for a writ of mandamus to compel the department to seek such an order and for further relief as may be appropriate." (MCL 408.1031[3]; MSA 17.50[31][3]).

Plaintiffs' argument is essentially built on the last eight words of the statute. They first contend that subsection (3) grants circuit court jurisdiction over the Department of Labor in any case alleging a failure to carry out the duties mandated by § 31. Then, after setting out portions of the legislative

under this section, an employee who may be injured by reason of the failure, or the representative of those employees, may bring action against the department in the circuit court having jurisdiction for a writ of mandamus to compel the department to seek such an order and for further relief as may be appropriate." MCL 408.1031; MSA 17.50(31).

[3] The act divides jurisdiction over administration and enforcement of its terms between the Department of Labor and the Department of Public Health. MCL 408.1013; MSA 17.50(13).

history of the Federal occupational safety and health act, including tragic reports on the number of American workers killed or seriously injured in the workplace, they argue that because the specifically mentioned action for a writ of mandamus affords an exhaustive remedy for pre-accident failures by state agencies to live up to their responsibilities under the statute, the phrase "and for further relief as may be appropriate" must encompass an action for damages in cases where the state agencies' failures have led to an actual accident. The department argues that the thrust of § 31, when read as a whole, is to provide the means by which an employer may be ordered to correct violations of applicable safety regulations and not to create a cause of action in tort. It argues that subsection (3) merely allows an affected employee to seek his or her employer's compliance with safety regulations when the appropriate department has failed to do so, and that to construe the statute so as to provide for a tort action in circuit court in derogation of the express legislative grant of jurisdiction over such actions to the Court of Claims would be to construe the final phrase of the statute in a manner alien to the purpose of the statute as a whole.

In resolving the dispute between these competing constructions it is our task to ascertain and give effect to the intent of the Legislature. *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 110; 252 NW2d 818; 84 ALR3d 314 (1977). A particular provision may not be isolated but must instead be construed with reference to the whole. See *Dep't of Natural Resources v Seaman,* 396 Mich 299, 309; 240 NW2d 206 (1976). Accordingly, and plaintiffs' ingenious argument notwithstanding, we agree with the department

and affirm the grant of accelerated judgment. Section 31 evinces a legislative intent to provide for the correction of imminently dangerous conditions in the workplace. It establishes a three-step process by which enforcement may be obtained and recognizes in subsection (3) that affected workers should have the ability to force compliance when the appropriate department has failed to do so of its own accord. The allowance of "further relief" in the circuit court must be read with this in mind, and, so doing, we hold that § 31 does not grant jurisdiction over plaintiffs' claims to the circuit court in derogation of the general grant of exclusive jurisdiction over such claims to the Court of Claims. There is no hint of an intention to grant the circuit court jurisdiction over an action for damages arising from an actual accident, and, accordingly, the grant of exclusive jurisdiction over such actions to the Court of Claims must prevail.

This construction does not, in and of itself, deprive plaintiffs of their day in court. As they have apparently filed suit in the Court of Claims as well, they should not suffer prejudice.

Affirmed.