STOLARUK CORPORATION v DEPARTMENT OF
TRANSPORTATION

Docket No. 52513. Submitted December 8, 1981, at Lansing.—Decided
March 18, 1982.

Stolaruk Corporation was the second lowest bidder on certain
highway construction projects planned by the Department of
Transportation. After an initial review of the bids showed that
the lowest bidder had failed to conform with the projects'
specifications, the department informed Stolaruk that the de-
partment would recommend to the Michigan State Transporta-
tion Commission that Stolaruk's bid be accepted. The commis-
sion, however, decided that the lowest bid did conform with the
specifications. Stolaruk sued in Ingham Circuit Court for tem-
porary and permanent injunctions to prevent the department
and the State of Michigan from awarding the contract to the
lowest bidder. A temporary restraining order was granted,
James T. Kallman, J., but later dissolved when, following a
hearing on the issuance of the permanent injunction, the court
concluded that the defendant had legitimately accepted the
lowest bid. The court denied plaintiff's motion to stay the order
pending an evidentiary hearing to determine whether the
lowest bid was valid. The Court of Appeals denied plaintiff's
application for leave to appeal. Plaintiff then filed suit against
defendant in the Court of Claims, seeking damages for defen-
dant's alleged breach of contract on the basis that defendant
had accepted plaintiff's bid first. Defendant's motion for acceler-
ated judgment on the grounds of res judicata and collateral
estoppel was granted, James T. Kallman, J. Plaintiff appeals.
*Held:*

1. The judgment in circuit court does not bar plaintiff's
action in the Court of Claims on the basis of res judicata.
Plaintiff was forced to split its cause of action between the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 33, 106.
[2] 46 Am Jur 2d, Judgments § 418.
[3] 46 Am Jur 2d, Judgments § 419.
[4] 46 Am Jur 2d, Judgments § 521.
[5] 46 Am Jur 2d, Judgments §§ 402, 404.

circuit court and the Court of Claims; therefore, the judgment rendered in the equitable action in circuit court does not bar the action for money damages in the Court of Claims.

2. The Court of Claims properly could have based its decision granting defendant's motion for accelerated judgment on collateral estoppel. All the requirements for the application of the doctrine of collateral estoppel were fulfilled, and plaintiff is precluded from a reconsideration of the issues in the Court of Claims.

Affirmed.

1. Courts — Court of Claims — Jurisdiction.

The Court of Claims Act confers on the Court of Claims exclusive jurisdiction over claims against state agencies, but only for claims for money damages; the Court of Claims has no equity jurisdiction (MCL 600.6419; MSA 27A.6419).

2. Estoppel — Judgments — Collateral Estoppel.

Collateral estoppel bars the relitigation of issues previously decided in a first action when the parties to a second action are the same; where the second action is a different cause of action, the bar is conclusive regarding issues actually litigated in the first action.

3. Estoppel — Judgments — Collateral Estoppel.

Collateral estoppel applies only where the same ultimate issues underlying the present action were involved in a previous action between the parties and the parties had a full opportunity to litigate the ultimate issues in the former action.

4. Estoppel — Judgments — Collateral Estoppel.

Collateral estoppel applies only where there is mutuality of estoppel; mutuality of estoppel is present if both litigants in the second suit are bound by the judgment rendered in the first suit.

5. Estoppel — Judgments — Collateral Estoppel.

Estoppel by a previous judgment does not depend on whether justice was done in the first suit but on the fact that the merits have once been considered and passed on.

*Doyle, Carruthers & Hess, P.C.*, for plaintiff.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Patrick McElmurry*, Assistant Attorney General, for defendants.

Before: MacKenzie, P.J., and M. F. Cavanagh and D. F. Walsh, JJ.

Per Curiam. Defendant's motion for accelerated judgment based on the theory that plaintiff's suit in the Court of Claims was barred by the doctrines of res judicata and collateral estoppel was granted. Plaintiff appeals by right.

Plaintiff bid on certain highway construction projects planned by defendant and was declared the apparent second lowest bidder. However, an initial review of the bids showed that the lowest bidder had failed to conform with the projects' specifications, so the defendant informed plaintiff that defendant would recommend to the Michigan State Transportation Commission that plaintiff's bid be accepted. Subsequently, the commission decided that the lowest bid did conform with the requisite specifications, and plaintiff was not awarded the contract..

Plaintiff sued in the Ingham County Circuit Court for temporary and permanent injunctions to prevent defendant from awarding the contract to the lowest bidder. Plaintiff's request for a temporary restraining order was granted. After a hearing on the issuance of a permanent injunction, the court concluded that the defendant had legitimately accepted the lowest bid and ordered the temporary restraining order to be dissolved. Plaintiff moved to stay the order pending an evidentiary hearing to determine whether the lowest bid was valid. Plaintiff's motion was denied, and a final order was entered dissolving the temporary restraining order and denying plaintiff's request for an injunction. Plaintiff's application for leave to appeal to this Court was denied.

Plaintiff then filed suit in the Court of Claims seeking damages for defendant's alleged breach of

contract on the basis that defendant had accepted plaintiff's bid first. Defendant moved for accelerated judgment on the grounds of res judicata and collateral estoppel, arguing that the adjudication in circuit court precluded plaintiff from bringing a separate action in the Court of Claims and precluded reconsideration of any issues previously decided by the circuit court. Defendant's motion for accelerated judgment was granted, and this appeal followed.

It is unclear to us whether the trial court granted defendant's motion for accelerated judgment on the basis of res judicata or collateral estoppel. However, plaintiff alleges that neither of the doctrines barred the cause of action stated in the Court of Claims and that, therefore, the court reversibly erred in granting defendant's motion for accelerated judgment.

We find that the judgment in circuit court does not bar plaintiff's action in the Court of Claims on the basis of res judicata. Plaintiff was forced by the Court of Claims Act to split its cause of action between the Court of Claims and the circuit court. The Court of Claims Act confers exclusive jurisdiction over claims against state agencies, but only for claims for money damages. MCL 600.6419; MSA 27A.6419, *Paquin v Northern Michigan University,* 79 Mich App 605; 262 NW2d 672 (1977). In *Paquin,* this Court observed:

"Since the Court of Claims has exclusive subject matter jurisdiction *over a money damage claim* against a state instrumentality, the circuit court is not a court with proper subject matter jurisdiction over plaintiff's claim." *Id.,* 607. (Emphasis added.)

On the other hand, Michigan courts have repeatedly held that the Court of Claims has no equity

jurisdiction. *Advisory Opinion on Constitutionality of 1976 PA 240,* 400 Mich 311, 320; 254 NW2d 544 (1977), *Taylor v Auditor General,* 360 Mich 146, 151; 103 NW2d 769 (1960), *Dorfman v State Highway Dep't,* 66 Mich App 1, 3; 238 NW2d 395 (1975). The cases defendant has pointed out do not persuade us that this traditional view has been altered.[1]

Plaintiff therefore correctly concludes that it was not free to seek equitable relief in the Court of Claims or seek money damages in the circuit court. Since plaintiff was forced to split its cause of action between the two courts, plaintiff's action in the Court of Claims for money damages was not barred by the doctrine of res judicata on the basis that plaintiff had previously brought an action for equitable relief in the circuit court.

The question remains whether defendant's motion for accelerated judgment was properly granted on the basis of collateral estoppel. Collateral estoppel bars the relitigation of issues previously decided in a first action when the parties to a second action are the same; where the second action is a different cause of action, the bar is conclusive regarding issues actually litigated in

[1] In *Greenfield Construction Co, Inc v Dep't of State Highways,* 402 Mich 172, 198; 261 NW2d 718 (1978), the Court noted in a footnote that the Court of Claims could conceivably have the power to render declaratory judgments. This observation was based upon the repeal of the declaratory judgment act, 1948 CL 691.501, by the Revised Judicature Act, MCL 600.9901; MSA 27A.9901. The declaratory judgment act had restricted the power to render declaratory judgments to those courts which have both an equity side and a law side. Even if the repeal empowered the Court of Claims to render declaratory judgments, we do not conclude that the Court of Claims would then possess general equitable jurisdiction entitling it to issue injunctions. Similarly, in *Grunow v Sanders,* 84 Mich App 578; 269 NW2d 683 (1978), this Court, relying solely on the foregoing footnote in *Greenfield,* held that the Court of Claims can render a declaratory judgment in a class action tort suit. We did not authorize the Court of Claims to issue injunctions; the essence of the claim in *Grunow* was an action for money damages.

the first action. *Braxton v Litchalk,* 55 Mich App 708, 718; 223 NW2d 316 (1974). In order for collateral estoppel to apply, the same ultimate issues underlying the first action must be involved in the second action. The parties must also have had a full opportunity to litigate the ultimate issues in the former action. *Fifield v Edwards,* 39 Mich 264 (1878). Finally, collateral estoppel only applies where there is mutuality of estoppel. Mutuality of estoppel is present if both litigants in the second suit are bound by the judgment rendered in the first suit. *Braxton v Litchalk, supra,* 720, *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37, 42-43; 191 NW2d 313 (1971).

Applying the foregoing requirements to the present case, there is no question that the same parties were involved in the circuit court action as are involved in the present action, and the same ultimate issues underlying the circuit court action are involved in the present Court of Claims action. The parties do not dispute that mutuality of estoppel was present. If the circuit court had determined that the lowest bid was invalid, defendant would have been bound by that result. Plaintiff does not contest that the foregoing requirements for the application of collateral estoppel were fulfilled. Plaintiff contends only that it did not have a full and fair opportunity in the circuit court to litigate the issue of the validity of the lowest bid because plaintiff's request for an evidentiary hearing on the issue was denied by the circuit court. We disagree.

After plaintiff had obtained the temporary restraining order, a show cause hearing was held to determine whether a permanent injunction should be issued to prevent defendant from awarding the contract to the lowest bidder. The issuance of the

injunction depended upon the court's interpretation of whether the lowest bid was valid. Both parties presented arguments on the issue. Plaintiff did not offer to present any additional evidence at that time. After the court had determined that the lowest bid was valid, plaintiff belatedly attempted to offer an affidavit of an alleged expert to support plaintiff's position. This does not remove the court's disposition of the issue from the operation of collateral estoppel. We find plaintiff had a fair opportunity in the circuit court to litigate the issue of the validity of the lowest bid. Since all of the requirements for the application of the doctrine of collateral estoppel were fulfilled, we hold that plaintiff is precluded from a reconsideration of these issues in the Court of Claims and that the Court of Claims could have properly based its decision granting defendant's motion for accelerated judgment on collateral estoppel.

It is not necessary for this Court in the present case to review the correctness of the circuit court's decision that the lowest bid was indeed valid. As Justice COOLEY stated in *Fifield v Edwards, supra,* "The estoppel does not depend upon the question whether justice was done in the first suit, but upon the merits having once been considered and passed upon". 39 Mich 264, 266.

Affirmed.