Beverly ALLEN, individually and on behalf of all others similarly situated,

v.

HOUSING AUTHORITY OF the COUNTY OF CHESTER, Robert L. Miller, Executive Director of the Housing Authority of the County of Chester, Linda Myers Pistilli, as a Director of the Section 8 Program, Arthur M. Bagley, as Chairman of the Housing Authority of the County of Chester, Paul Rie, as a Member of the Board of the Housing Authority of the County of Chester, Ann L. Strong, as a Member of the Board of the Housing Authority of the County of Chester, Daniel E. Grow, Jr., as a Member of the Housing Authority of the County of Chester, and David J. Williams, as a Member of the Board of the Housing Authority of the County of Chester.

Civ. A. No. 79–1400.

United States District Court,
E.D. Pennsylvania.

April 15, 1983.

Kevin B. Curley, William E. Molchen, Coatesville, Pa., for plaintiff.

John Spangler, West Chester, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is a petition from plaintiff's counsel for an award of attorney's fees pursuant to 42 U.S.C. § 1988. For the reasons set out below, attorney's fees will be awarded in the amount of $3,674.00.

## I. PROCEDURAL HISTORY

Before the Court reaches the fees issue, a review of the case's factual and procedural history is necessary. This action was brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343 and 1337 for injunctive and declaratory relief and damages incurred due to the denial of Section 8 Housing Assistance available under 42 U.S.C. § 1437f by the Housing Authority for the County of Chester ("HACC").

Section 8 Existing Housing Program is a federal program of rent subsidies intended for low income families. The program is funded by the U.S. Department of Housing and Urban Development and local authorities. The local authorities, such as HACC, are responsible for determining eligibility of applicants. Pursuant to this responsibility HACC promulgated Resolution 168 which denies eligibility to people who owe HACC money arising form their tenancy in public housing. Plaintiff, desiring to relocate, applied for Section 8 benefits but was denied eligibility pursuant to Resolution 168 because she allegedly was in arrears in her rental payments to defendant HACC on another public housing unit.

At the trial of her claim plaintiff presented testimony indicating that she withheld rental payments from defendant HACC because of the uninhabitable conditions of her former apartment. This Court found that defendant HACC had breached the implied warranty of habitability under the standard set forth in *Pugh v. Holmes,* 486 Pa. 272, 405 A.2d 897 (1979). Judgment was entered in favor of plaintiff enjoining defendant HACC from denying her eligibility for participation in Section 8 benefits. This Court also held that Resolution 168 was violative of the statutory purposes and goals of the implementing statute, 42 U.S.C. §§ 1437–1440 (1976), and entered an Order declaring Resolution 168 to be invalid.

Defendant HACC appealed to the United States Circuit Court of Appeals for the Third Circuit. The court of appeals remanded the case on July 9, 1982, for a factual determination as to whether the plaintiff's total abatement of rent was justified pursuant to *Pugh v. Holmes, supra.* The court of appeals held that if this Court found that the plaintiff did not have an outstanding balance due because of the breach of the implied warranty of habitability, then no further examination of the validity of Resolution 168 was necessary to be undertaken.

Following a hearing, this Court issued an Order, dated October 4, 1982, which stated that there had been a total breach of the implied warranty of habitability justifying the total abatement of rent. For this reason, Resolution 168 was found not to apply to plaintiff because plaintiff had no outstanding balance due defendant HACC. By reason of this, no further examination of the validity of Resolution 168 was necessary by the Court.

## II. THE AWARD OF ATTORNEY'S FEES

Based on the above disposition of the case, plaintiff's counsel has filed a petition for attorney's fees. In determining whether attorney's fees may be properly awarded under 42 U.S.C. § 1988, a threshold question is whether the plaintiff was a prevailing party within the meaning of Section 1988. Section 1988 provides that attorney's fees may be awarded if the party prevailed in an action to enforce the provisions of 42 U.S.C. § 1983. While Section 1983 refers only to actions brought to enforce rights, privileges and immunities secured by the Constitution and federal law (*see Maine v. Thiboutot,* 448 U.S. 1, 100

**110**

S.Ct. 2502, 65 L.Ed.2d 555 (1980)), a party may nonetheless be considered a prevailing party within the meaning of Section 1988 if he prevailed on a state law issue which is pendent to a constitutional or federal statutory claim brought under Section 1983. *Kimbrough v. Arkansas Activities Ass'n,* 574 F.2d 423, 426–427 (8th Cir.1978); *Seals v. Quarterly Court,* 562 F.2d 390, 393–394 (6th Cir.1977); *Anderson v. Redman,* 474 F.Supp. 511, 515 (D.Del.1979). Under this standard, if the state law issue upon which plaintiff prevailed and the constitutional or federal statutory claims which provided the basis for the 1983 action arose out of a common nucleus of operative fact, then attorney's fees may properly be awarded under Section 1988. *Kimbrough v. Arkansas Activities Ass'n, supra,* at 426, citing H.R. Rep. No. 1558, 94th Cong., 2d Sess. 4, n. 7 (1976). Awards of attorney's fees are made available in such circumstances because of the concern that the court, due to its reluctance to reach constitutional claims, may resolve plaintiff's case upon available nonconstitutional issues and thereby frustrate the purposes underlying the allowance of fee awards. It is clear, however, that if the court reaches and decides the Section 1983 claim adversely to the plaintiff, attorney's fees cannot be awarded even though the plaintiff prevailed on a state law issue. *Luria Bros. & Co., Inc. v. Allen,* 672 F.2d 347 (3d Cir.1982).

In the present case, plaintiff Allen received judgment in her favor upon the Court's ruling that Resolution 168 was not applicable to her. The operative facts of the Court's holding centered around the application of Resolution 168 notwithstanding the inhabitability of plaintiff's apartment. The constitutional claim involved allegations that Resolution 168 was arbitrary and capricious in that it denied eligibility in plaintiff's circumstances. The federal statutory claim consisted of allegations that Resolution 168 as applied was contrary to the purpose and intent of its implementing statute. It is clear that all of these claims arose out of a common nucleus of operative fact. All of the issues deal with the application of Resolution 168 in a circumstance

where a tenant withholds rent due to the conditions of his apartment. Moreover, it would be reasonable to expect the plaintiff to try all these issues in one lawsuit. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The Court concludes that since plaintiff prevailed on a state law issue which arose from the same operative facts as her Section 1983 claims, she is a prevailing party for purposes of Section 1988.

The next question for decision is the proper amount of the fee award. The first step in the assessment of a fee award is a determination of the number of hours reasonably devoted by the attorneys. *Hughes v. Repko,* 578 F.2d 483, 487 (3d Cir.1978). In making this assessment there should not be payment for unnecessarily duplicative work. *Prandini v. National Tea Co.,* 585 F.2d 47, 51 (3d Cir.1978). An appropriate fee figure is computed by determining the amount of time reasonably spent by plaintiff's attorneys and then applying a suitable hourly rate to that figure. *Hughes v. Repko,* 578 F.2d 483, 487 (3d Cir.1978); *Lindy Bros. Builders Inc. v. American Radiator and Standard Sanitary Corp. (Lindy I),* 487 F.2d 161, 167 (3d Cir.1973); *Lindy Bros. Builders Inc. v. American Radiator and Standard Sanitary Corp. (Lindy II),* 540 F.2d 102 (3d Cir.1976).

Plaintiff Allen was simultaneously represented by two attorneys, Mr. Molchen and Mr. Curley, who have submitted separate billing schedules. The Court notes that while some litigation may warrant employment of more than one attorney, the plaintiff's case is not one of them. The issues involved were not particularly complex nor was the amount of work required excessive. Therefore, the Court will deny attorney's fees for all the time expended by Mr. Curley as unnecessarily duplicative, except for 8 hours spent drafting the reply brief in plaintiff's appeal to the court of appeals.

After reviewing Mr. Molchen's billing schedule, the Court has determined that the following hours were excessive: (a) 14.3 of the 21 hours spent researching and draft-

ing the complaint; (b) 2 of the 3.2 hours spent preparing interrogatories; (c) 2.5 of the 3.5 hours spent drafting plaintiff's answer to counterclaim; (d) .5 hours preparing with Mr. Curley for pretrial conference; (e) 12 of the 22.9 hours spent researching and drafting the memorandum in support of the summary judgment motion; (f) 1 of the 2 hours spent drafting a reply brief in support of the summary judgment motion; (g) .3 hours spent drafting a letter to this Court; (h) 2 of the 3.6 hours spent drafting a supplemental memorandum for the summary judgment motion; (i) 1.3 of the 1.8 hours spent preparing the motion for attorney's fees. This reduces the hours reasonably spent by Mr. Molchen to 58.8.

Mr. Molchen has requested that the Court calculate his fees at a rate of $55.00 per hour for time expended during 1979, and $65.00 per hour for the years 1980–1982. Mr. Curley has requested a rate of $65.00 per hour for 1979 and $75.00 per hour for the years 1980–1982. The Court has determined that a reasonable rate for both Mr. Molchen and Mr. Curley is $55.00 per hour, in light of the nature of the litigation and the customary range of rates for attorneys of comparable experience. This rate shall be applied for the years 1979 through 1982. Multiplying this rate by the 8 hours allowed Mr. Curley yields $440.00 as his lodestar figure. Multiplying Mr. Molchen's allowed hours of 58.8 by the rate of $55.00 per hour yields $3,234.00 as his lodestar figure.

The next step in the assessment of attorney's fees is to adjust the lodestar amounts, if warranted, to reflect the contingent nature of success and the quality of the attorney's work. Plaintiff's attorneys have not requested such adjustments and the Court agrees that an adjustment on this basis is unnecessary. Attorney's fees in the aggregate amount of $3,674.00 is therefore awarded.

An appropriate Order will be entered.