DORFMAN v DEPARTMENT OF TRANSPORTATION

Docket No. 83902. Submitted July 30, 1986, at Detroit. Decided October 6, 1986.

The Department of Transportation began acquiring property for the construction of the I-696 freeway in the early 1970's. Some of the property involved was located in a residential subdivision and some of the lots involved were subject to a restrictive covenant limiting the use of the property to single family residential purposes. Stanley Dorfman and Marilyn Dorfman, as representatives of a class of the affected homeowners, filed a class action against the Department of Transportation in Oakland Circuit Court seeking a declaratory judgment to compel the department to acquire plaintiffs' rights under the restrictive covenant. The court action resulted in a requirement that the department compensate plaintiffs for the taking of the property right pursuant to the power of eminent domain. The Court of Appeals affirmed that decision, 66 Mich App 1 (1975). In 1976, the plaintiffs filed a second class action against the Department of Transportation in Oakland Circuit Court alleging that defendant was using the lots it had acquired in violation of the restrictive covenant and seeking to compel defendant to acquire their interests in the restrictive covenant before it proceeded with construction of the highway. Plaintiffs then amended their complaint to add a claim of deprivation of civil rights under 42 USC 1983. That claim was later dismissed without prejudice by stipulation of the parties. Subsequently, the court, Robert Webster, J., issued a declaratory judgment holding that defendant was bound by the restrictive covenant and enjoining defendant from taking further action in preparation for construction of the freeway until it acquired by purchase or condemnation the plaintiffs' interests in the restrictive

REFERENCES

Am Jur 2d, Civil Rights §§ 16 *et seq.*, 272 *et seq.*, 285 *et seq.*

Construction and application of Civil Rights Attorney's Fees Awards Act of 1976 (amending 42 USCS § 1988), providing that court may allow prevailing party, other than United States, reasonable attorney's fee in certain civil rights actions. 43 ALR Fed 243.

Attorney's fees in class actions. 38 ALR3d 1384.

covenant. Plaintiffs then filed a motion for attorney fees, claiming they were entitled to such fees under 42 USC 1988 since their cause of action included a claim under 42 USC 1983. The motion was denied. Plaintiffs then amended their complaint to reassert their 42 USC 1983 claim. The department finally began condemnation proceedings to acquire plaintiffs' interests under the restrictive covenant. The proceedings resulted in an offer of just compensation to plaintiffs. One-third of that amount was set aside for attorney fees and placed in an escrow account. That money was later released to plaintiffs' attorneys as payment for attorney fees for the declaratory judgment action, but not as attorney fees for the condemnation proceedings. Plaintiffs then moved to advance their 42 USC 1983 claim to trial. The motion was denied, Hilda R. Gage, J. Plaintiffs appealed, alleging that they prevailed in the lawsuit related to their 42 USC 1983 claim since they obtained the declaratory and injunctive relief they sought and that their success in obtaining that relief is sufficient to entitle them to attorney fees under 42 USC 1988.

The Court of Appeals *held:*

Plaintiffs' civil rights claim had been voluntarily dismissed before the circuit court granted declaratory and injunctive relief, the relief which plaintiffs cite as the basis for having "prevailed" herein. The § 1983 claim was added by amendment after plaintiffs had attained their desired result. Hence, there is no logical basis for the conclusion that the § 1983 claim was instrumental in achieving the desired result of obtaining injunctive and declaratory relief. Therefore, plaintiffs cannot be said to have "prevailed" on their § 1983 claim and may not be deemed prevailing parties for purposes of qualifying for attorney fees under § 1988.

Affirmed.

1. CIVIL RIGHTS — ATTORNEY FEES.

A party need not prevail on every issue in a civil rights action to qualify as a prevailing party for purposes of being awarded attorney fees under 42 USC 1988; rather, a litigant will qualify for an award when successful on a single substantial claim.

2. CIVIL RIGHTS — ATTORNEY FEES.

One may be entitled to an award of attorney fees under 42 USC 1988 in the court's discretion when relief is awarded on the basis of a state claim which is pendent to a federal constitutional or statutory claim; moreover, an award may be granted where one obtains the desired result but a claim asserted under 42 USC 1983 remains unresolved; however, in order to be

entitled to an award of attorney fees when a 42 USC 1983 claim remains unadjudicated, there must be some causal connection between the plaintiff's lawsuit and the defendant's ending its unconstitutional behavior.

*Mason, Steinhardt & Jacobs, P.C.* (by *Paul Owen Ashba* and *Helene M. Levey*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Patrick F. Isom, Ronald F. Rose,* and *John M. Roche,* Assistant Attorneys General, for defendant.

Before: SULLIVAN, P.J., and ALLEN and J. T. KALLMAN,* JJ.

ALLEN, J. In this appeal as of right, plaintiffs challenge a March 6, 1985, order which dismissed their 42 USC 1983 claim with prejudice on the ground that the claim was moot. Plaintiffs concede that, pursuant to the resolution of condemnation proceedings instigated by defendant in 1982, they had already attained all the relief they desired, i.e., just compensation for their property rights. However, plaintiffs' § 1983 claim was never specifically adjudicated. A related claim for declaratory and injunctive relief was resolved in plaintiffs' favor before plaintiffs amended their complaint to plead the civil rights claim. Based on this related claim, plaintiffs assert that they should be deemed "prevailing parties" on their § 1983 claim and awarded attorney fees under 42 USC 1988.

This is the second lawsuit between these parties relative to the construction of the I-696 freeway through the McGiverin-Haldeman Huntington Woods Manor Subdivision. Plaintiffs owned real property in the subdivision and resided there. Defendants acquired some subdivision lots by con-

* Circuit judge, sitting on the Court of Appeals by assignment.

demnation or purchase in preparation for the building of the freeway. In 1972, plaintiffs brought a class action against defendant, the Michigan Department of Transportation, seeking a declaratory judgment to determine their rights with respect to a 1958 restrictive covenant. The covenant had been signed by twenty-two lot owners and limited the use of twenty-two lots which had been acquired by defendant to single-family residential use. The covenant also provided that the benefit of the covenant would run to other subdivision landowners whose land was used for single-family dwelling purposes. The trial court held that the plaintiffs had the legal right to enforce their interests in this restrictive covenant even though they were not signatory parties to the agreement. This Court affirmed. *Dorfman v State Highway Dep't,* 66 Mich App 1; 238 NW2d 395 (1975). The primary import of this first decision was a requirement that defendant compensate plaintiffs for the taking of this property right pursuant to the power of eminent domain.

In 1976, plaintiffs commenced the present and second class action against the MDOT. They alleged that defendant was using the lots it had acquired in violation of the restrictive covenant and sought to compel defendant to acquire their interests in the restrictive covenant before it proceeded with the highway's construction. On November 21, 1979, a declaratory judgment was issued which held that the MDOT was bound by the restrictive covenant. Further, the circuit court enjoined the MDOT from taking further action in preparation for the freeway's construction until it acquired by purchase or condemnation the plaintiffs' interests in the restrictive covenant.

On April 21, 1978, before the declaratory and injunctive order had issued, plaintiffs amended

their complaint to add a § 1983 civil rights claim. This claim was dismissed without prejudice by stipulation of the parties on September 7, 1978. However, following the issuance of the declaratory judgment and injunctive order of November 21, 1979, plaintiffs filed a motion for attorney fees claiming they were entitled to such fees under 42 USC 1988 since their cause of action included a claim under § 1983. This motion was denied on June 23, 1980. Although this denial was presumptively based on the fact that plaintiffs' § 1983 claim had been dismissed, the actual reason for the denial is not evident from the record. In any event, plaintiffs amended their complaint on December 4, 1980, to reassert their § 1983 claim.

In January, 1981, the federal government gave final approval to the I-696 project and the proposed route. Thereafter, in November, 1982, the MDOT began condemnation proceedings to acquire plaintiffs' interests in the restrictive covenant. This action was brought pursuant to the Uniform Condemnation Procedures Act, MCL 213.51 et seq.; MSA 8.265(1) et seq. The action resulted in an offer of just compensation to plaintiffs in the amount of $243,000. One-third of this amount or $81,166 was set aside for attorney fees and placed into an escrow account. By order dated June 13, 1984, the $81,166 was released to plaintiffs' counsel as payment for attorney fees. The order states that this amount was intended as compensation to the attorneys for the declaratory judgment action commenced in 1976, as opposed to the condemnation action initiated by defendant in 1982.

On February 8, 1985, plaintiffs moved to advance the civil rights claim to trial. It is from the denial of this motion that plaintiffs appeal. Plaintiffs claim that they "prevailed" in the lawsuit related to their § 1983 claim since they obtained

the declaratory and injunctive relief that they sought. They do not claim that they would prevail in any other manner if they proceeded on their § 1983 claim. However, plaintiffs aver that their success in obtaining the declaratory and injunctive relief was sufficient to entitle them to attorney fees under 42 USC 1988, which provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

To qualify as a prevailing party for purposes of being awarded an attorney's fee, a party need not prevail on every issue. Rather, a litigant will qualify for an award when successful on a single substantial claim. *Reel v Arkansas Dep't of Corrections,* 672 F2d 693, 697 (CA 8, 1982). One may be entitled to an award in the court's discretion when relief is awarded on the basis of a state claim which is pendant to a federal constitutional or statutory claim. *Allen v Housing Authority of Chester Co,* 563 F Supp 108, 109-110 (ED Pa, 1983). Moreover, an award may be granted where one obtains the desired result but a claim asserted under § 1983 remains unresolved. *Southeast Legal Defense Group v Adams,* 436 F Supp 891, 894-895 (D Or, 1977), rev'd on other grounds 657 F2d 1118 (CA 9, 1981); *Davis v City of Ennis,* 520 F Supp 262, 265 (ND Texas, 1981). However, in order to be entitled to an award of attorney fees under § 1988 when a § 1983 claim remains unadjudicated, there must be some causal connection between the plaintiff's lawsuit and the defendant's ending its uncon-

stitutional behavior. *Id.; Williams v Leatherbury,* 672 F2d 549, 551 (CA 5, 1982). See also *Co of Clark v Alper,* 100 Nev 382, 396; 685 P2d 943, 952 (1984) (attorney fees award under § 1988 was in error where plaintiffs did not initiate a § 1983 action or argue that their civil rights were violated, but merely sought compensation for the taking of their land for a public use).

In the foregoing cases, an assumed premise to an award of attorney fees under § 1988 is the fact that a civil rights claim has been pled and is pending when the desired relief is granted. Without the existence of such a claim at the time the court affords relief or the defendant acquiesces in the desired result, it cannot be said that the civil rights claim was a catalyst to the end sought. See, *Williams, supra,* 551. Accordingly, if the claim does not exist at the time the desired relief is obtained, it cannot be said that the civil rights claim was a basis for the plaintiff's having "prevailed."

In the instant case, the plaintiffs' civil rights claim had been voluntarily dismissed before the circuit court granted declaratory and injunctive relief, the relief which plaintiffs cite as the basis for having "prevailed" herein. The § 1983 claim was added by amendment *after* plaintiffs had attained their desired result. Hence, there is no logical basis for the conclusion that the § 1983 claim was instrumental in achieving the desired result of obtaining injunctive and declaratory relief. Therefore, plaintiffs cannot be said to have "prevailed" on their § 1983 claim and may not be deemed prevailing parties for purposes of qualifying for attorney fees under § 1988.

Plaintiffs concede that the possible award of attorney fees under § 1988 was the only reason for moving to advance their § 1983 claim to trial.

Since plaintiffs clearly would not be entitled to such an award, we see no cause for reversing the trial court's denial of the motion to advance the claim to trial. Moreover, since this issue is dispositive of this appeal, we need not reach the other issues raised by the parties.

Affirmed.