NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0707n.06

No. 11-1371

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| RICHARD PACK; MICHELLE PACK, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MT. MORRIS CONSOLIDATED SCHOOLS, | ) | DISTRICT OF MICHIGAN |
| et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

**FILED**

*Jul 03, 2012*

LEONARD GREEN, Clerk

BEFORE: MOORE, ROGERS, and GRIFFIN, Circuit Judges.

ROGERS, Circuit Judge. The plaintiff Richard Pack appeals the district court's determination that the doctrine of collateral estoppel bars his § 1983 claim. The Mt. Morris School District terminated Richard Pack, a former tenured teacher, for sexually harassing female students and committing grade fraud. Pack challenged his termination in a hearing before an administrative law judge. The ALJ concluded that the school district had just cause to discharge Pack. Pack then appealed that determination to the Michigan State Tenure Commission; it too rejected his claims. Finally, he sought leave to appeal to the Michigan Court of Appeals, which denied his motion for lack of merit. Pack subsequently filed a § 1983 suit in federal district court where he claimed that the school district and the student he sexually harassed violated his due process rights by knowingly presenting false testimony in his termination proceeding. At each stage, Pack argued that the

testimony against him was false and that the witnesses were not to be believed. The ALJ and the State Tenure Commission expressly rejected these contentions. The district court correctly granted the school district's motion to dismiss on the ground Pack is collaterally estopped from relitigating the truthfulness of the testimony presented against him.

Richard Pack began teaching wood shop in the Mt. Morris School District in 1996. As early as Pack's second year of teaching the school received complaints from parents and teachers that Pack gave preferential treatment to his female students. The school continued to receive complaints about Pack despite numerous discussions between Pack and the Mt. Morris principal concerning Pack's behavior. On at least two occasions Pack received suspensions without pay for violating school policies in incidents involving female students.

The events giving rise to Pack's termination occurred during the 2006-2007 school year. At the time, the defendant Ashlie Bain was a student in Pack's wood shop class. Pack informed Bain that if she sat in front of the class and looked pretty, she would receive an A. Bain later explained that she in fact received an A in Pack's class without doing the required work. On one occasion, Pack approached Bain from behind, grabbed her belt loops, pulled her toward him, and rubbed his pelvic region into her until she asked him to stop. On other occasions, Pack engaged in inappropriate frontal "hugs" with Bain and brushed his hand across her buttocks and chest. She eventually requested a scheduling change to be removed from Pack's class, but the counselor considering her request denied it, telling her to "hang in there."

Bain's boyfriend at the time, also a student, became concerned over Pack's behavior toward Bain. The student reported his concerns to a district school board member, and an investigation into Pack's behavior ensued. The school district terminated Pack on October 9, 2007.

The Michigan Teachers' Tenure Act, Mich. Comp. Laws §§ 38.71-.191, sets forth the process to be employed when a Michigan public school district terminates a tenured teacher. That process guarantees certain procedural safeguards for the terminated employee, including the right to appeal to the State Tenure Commission. On October 29, 2007, Pack filed an appeal with the State Tenure Commission, before which he argued that he was not discharged for reasonable or just cause. An ALJ conducted a three-day hearing at which Pack was represented by counsel. In his decision, the ALJ found that the district had reasonable and just cause to terminate Pack. The ALJ stated: "Critical to the determination of reasonable and just cause here is the determination of the credibility of the witnesses. In my opinion, [Bain's] testimony regarding Mr. Pack's conduct is truthful. [Bain] has no reason to fabricate."

Pack filed nine exceptions to the ALJ's decision with the State Tenure Commission. In his second exception, Pack challenged the ALJ's finding that Bain's testimony was truthful. Pack called Bain's version of events "inconsistent" and claimed that her story changed depending on the audience. The Commission disagreed, finding no significant inconsistencies that called into question Bain's credibility. The Commission concluded that the record "amply supports a finding that [Bain] was a credible witness" and denied Pack's exceptions. Pack sought leave to appeal to the Michigan Court of Appeals, which denied his motion for lack of merit.

On May 27, 2010, Pack filed suit against the school district, three district administrators, and Bain, alleging four causes of action. Pack claimed that his due process rights were violated under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 because school district officials and Bain knowingly offered perjured testimony at his tenure hearing. Pack also asserted claims for tortious interference with a valid employment relationship, intentional infliction of emotional distress, and loss of consortium (as to the plaintiff Michelle Pack only).

The defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).[1] The district court granted the motion and held that the doctrine of collateral estoppel barred Pack's relitigation of "the truthfulness of the evidence presented against [him] at the hearing before ALJ Ward, specifically the veracity of Bain's testimony." The court stated that Pack's § 1983 claim put the issue of Bain's testimony at the administrative hearing at issue and that the issue was fully and fairly litigated and finally determined in the three-day, ten-witness administrative hearing. Pack filed a motion to reconsider, which the district court denied in a short order that noted that Pack failed to demonstrate a "palpable defect" in the court's analysis that would warrant reconsideration. The district court also concluded that it need not grant Pack leave to amend his complaint because any amendment would be futile. Pack appeals.

Pack is collaterally estopped from claiming that Bain and the school district knowingly presented false evidence in his termination hearing. Both the ALJ and the State Tenure Commission

---

[1] Pack failed to serve Bain properly. In any event, Pack has not shown that she is a state actor for purposes of § 1983.

expressly considered and affirmed the veracity of the testimony offered at Pack's hearing. Pack

seeks reconsideration of that same issue in his § 1983 claim.

Because the issue at the center of Pack's § 1983 claim has been determined by the State

Tenure Commission, Pack may not relitigate that issue in federal court. Federal courts must give

state administrative decisions the same preclusive effect they would receive in the courts of the

rendering state when the state agency "'is acting in a judicial capacity and resolves disputed issues

of fact properly before it which the parties have had an adequate opportunity to litigate.'" *Univ. of*

*Tenn. v. Elliott*, 478 U.S. 788, 797–98 (1986) (quoting *United States v. Utah Constr. & Mining Co.*,

384 U.S. 394, 421–22 (1966)).[2] In Michigan, courts apply collateral estoppel when: (1) a question

of fact essential to the judgment was actually litigated and determined by a valid and final judgment;

(2) the same parties had a full and fair opportunity to litigate the issue; and (3) there is mutuality of

estoppel. *McCormick v. Braverman*, 451 F.3d 382, 397 (6th Cir. 2006) (citing *Monat v. State Farm*

*Ins. Co.*, 677 N.W.2d 843, 845–46 (Mich. 2004)). A defendant must satisfy three additional

requirements when seeking to preclude relitigation of an issue on the basis of an administrative

decision. First, the administrative decision must have been adjudicatory in nature; second, it must

provide a right to appeal; and third, the legislature must have intended to make the decision final

absent an appeal. *Nummer v. Treasury Dep't*, 533 N.W.2d 250, 253 (Mich. 1995). Pack only takes

---

[2] Rather than decide whether the single-sentence order of the Michigan Court of Appeals denying Pack leave to appeal for lack of merit constitutes state-court review of the State Tenure Commission's decision, we treat the State Tenure Commission's decision as if it were an unreviewed administrative decision. The result in this case would be the same under either analysis.

issue with the first requirement for collateral estoppel—that the issue in this matter was actually litigated in his termination hearing—and does not challenge the remaining factors.

The truthfulness of the testimony offered against Pack in the proceeding before the ALJ and in his appeal to the State Tenure Commission was actually litigated. A question is "actually litigated" when it is put into issue by the pleadings, submitted to the trier of fact, and determined by the trier. *Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759, 783 n.49 (Mich. Ct. App. 2002) (citing *VanDeventer v. Mich. Nat'l Bank*, 432 N.W.2d 338, 341 (Mich. Ct. App. 1988)). The issue in the present suit centers on Pack's claim that the defendants knowingly and improperly manipulated evidence to justify his termination by presenting Bain's purportedly untruthful testimony. This same issue factored prominently in Pack's administrative hearing and subsequent challenges. When directly asked by the school district's attorney if she had any reason to make up her testimony, Bain answered no and explained that she endured negative comments from former friends after the investigation began. She stated that she "would never ask for any of that false attention if it wasn't true." Pack, who was represented by counsel, cross-examined (and re-cross-examined) Bain during the hearing. The ALJ's opinion reflects his consideration of Bain's believability. The ALJ stated: "Critical to the determination of reasonable and just cause here is the determination of the credibility of the witnesses. In my opinion, [Bain's] testimony regarding Mr. Pack's conduct is truthful. [Bain] has no reason to fabricate." The ALJ observed that Bain only discussed Pack's conduct after a school board member investigated her boyfriend's concerns. Further, the ALJ noted that Bain tried to remove herself from Pack's class but a counselor prevented her from doing so.

Not only did the ALJ evaluate Bain's credibility, but the issue was squarely presented to and addressed by the State Tenure Commission. Pack argued that Bain told certain school officials one story and other officials a different story. The Commission rejected this argument, finding "no significant inconsistencies that call into question the credibility of [Bain's] testimony." The Commission further found it significant that Bain had no reason to fabricate events about Pack's conduct. Indeed, her reluctance to complain lent credibility to her testimony. Although Pack now attempts to expand the issue to include allegations that the school district bribed and threatened witnesses, the issue is essentially the same—that the school district and Bain presented false testimony. Pack does not provide the names of the witnesses who were supposedly bribed or any other supporting information. Nor does he explain when he learned of this information or why he was unable to present this argument during the hearing or in the exceptions he filed with the Commission.

Pack skirts these questions by characterizing the proceedings before the State Tenure Commission as involving only the issue of whether the school district had just cause for his termination. This is an oversimplification. The ALJ made clear that he considered Bain's credibility to be critical to his decision. In the end, neither the ALJ nor the State Tenure Commission had reason to believe that Bain or anyone else fabricated testimony.

Pack's challenge closely resembles several cases where Michigan courts and federal courts applying Michigan law have made clear that preclusion principles apply to decisions of the State Tenure Commission. In *Cooper v. Oak Park School District*, 624 F. Supp. 515 (E.D. Mich. 1986),

the plaintiff teacher, Ruth Cooper, was terminated and then lost her challenge to that determination before the Michigan State Tenure Commission. She next brought a Title VII case in federal court. The school district argued that the doctrines of res judicata and collateral estoppel barred Cooper's claim. Cooper countered that her Title VII claim should not be precluded because the issue before the State Tenure Commission had been whether just cause existed for her discharge, whereas the issue in her Title VII claim involved whether she experienced discrimination. The court agreed with the school district: Cooper raised and adjudicated the issue of discrimination in her hearing before the State Tenure Commission. *Id.* at 519. Further, she had been afforded due process before the Commission. Like Cooper, Pack challenged and litigated Bain's credibility before the State Tenure Commission. He seeks to do the same in this matter.

The Michigan Court of Appeals reached a similar conclusion in *Knubbe v. Detroit Board of Education*, No. 240076, 2003 WL 22681553 (Mich. Ct. App. Nov. 13, 2003), when it applied the doctrine of collateral estoppel to a teacher's lawsuit following proceedings before the State Tenure Commission. There, the plaintiff teacher, Sheila Knubbe, received unsatisfactory evaluations and eventually learned that the school board intended to terminate her employment. She filed an appeal with the State Tenure Commission, which agreed with the board on its termination decision. Knubbe then filed an unfair labor relations claim with the Michigan Employment Relations Commission. It too denied her claim. The Michigan Court of Appeals subsequently affirmed that decision, and the Michigan Supreme Court denied leave to appeal. Knubbe then filed a six-count complaint against the union and school board in which she argued that the school board defendants

discharged her without factual support. *Id.* at *4. In affirming the trial court's dismissal of her claims, the court of appeals recognized that the State Tenure Commission had squarely addressed the issue of Knubbe's unsatisfactory performance as a teacher; she was collaterally estopped from arguing her discharge was not for cause. *Id.* As the Michigan Court of Appeals observed in another case, "[i]f a teacher were allowed to relitigate a factual question previously decided by the commission, it would reduce the administrative process to a mere rehearsal." *Dearborn Heights Sch. Dist. No. 7 v. Wayne Cnty. MEA/NEA*, 592 N.W.2d 408, 412-13 (Mich. Ct. App. 1998)).

Pack disregards this line of cases and instead bases his challenge on a series of Supreme Court decisions regarding the content of a due process claim. *Albright v. Oliver*, 510 U.S. 266 (1994), *United States v. Agurs*, 427 U.S. 97 (1976), *Napue v. Illinois*, 360 U.S. 264 (1959), *Pyle v. Kansas*, 317 U.S. 213 (1942), *Mooney v. Holohan*, 294 U.S. 103 (1935). He relies on these cases for the proposition that the knowing presentation at trial of perjured testimony violates one's due process rights. Assuming that is correct, that does not address the district court's reliance on collateral estoppel with respect to the factual issue of whether there was such a knowing presentation of perjured testimony.

In sum, Pack's § 1983 challenge concerns the same issue resolved through the state administrative process. He is therefore collaterally estopped from relitigating that issue.

The judgment of the district court is affirmed.